# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### DOCKET NO. 3:08-cr-00109-W

| | | |
|---|---|---|
| DR. JOHN POWDERLY II AND CAROLINA BIOONCOLOGY INSTITUTE, PLLC, | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **ORDER** |
| vs. | ) ) | |
| BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA; et. al., | ) ) ) | |
| **Defendants.** | ) ) | |

THE MATTER is before the Court on Defendants' motions to dismiss (Docs. Nos. 23, 28) and on Plaintiffs' responses in opposition to those motions, which requested the Court allow Plaintiffs to amend the complaint (Docs. Nos. 42, 43). Generally, an "an amended pleading supersedes the original pleading, rendering the original pleading of no effect. . . ." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir.2001). Accordingly, because allowing Plaintiffs to amend their complaint would moot the motions to dismiss, the Court will address these issues in turn notwithstanding the fact they were discussed in reverse order in Plaintiffs' responses.

Pursuant to Rule 15(a)(2) of the Federal Rule of Civil Procedure, the Court should "freely give leave [to amend] when justice so requires."

> [The case of] Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980), we noted that under Foman a lack of prejudice would alone ordinarily

warrant granting leave to amend and that mere delay absent any resulting prejudice
or evidence of dilatoriness was not sufficient justification for denial.

Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir.1987).

This case is still in the early stages of discovery, and Plaintiffs' request to amend is made well in advance of the July 3, 2008, deadline set forth in the scheduling order. The Court finds no reason why any of the parties would be unduly prejudiced by allowing the amendment, which seems to arise out of the same set of operative facts contained in the original complaint. Accordingly, amendment of the complaint shall be allowed.

Since the original complaint is no longer in effect, Defendants' motions to dismiss the original complaint are now moot. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir.2002) (noting that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot); Standard Chlorine of Del., Inc. v. Sinibaldi, 821 F.Supp. 232, 239-40 (D.Del.1992) (noting that an amended complaint renders a motion to dismiss the original complaint moot). If appropriate, Defendants may renew their motions to dismiss consistent with the civil procedure rules once Plaintiffs file the amended complaint.

IT IS THEREFORE ORDERED that Plaintiffs' motions for leave to amend, contained in the responses to the motions to dismiss (Docs. Nos. 42, 43) are GRANTED. Plaintiffs shall file their amended complaint no later than Monday, June 16, 2008.[1] Defendants shall serve their answers within ten (10) calendar days of the filing of the amended complaint. All deadlines contained in the Pretrial Order and Case Management Plan shall remain as stated therein. Finally, because Plaintiffs

---

[1]If Plaintiffs fail to serve the amended complaint by this deadline, the Court will *sua sponte* reconsider the mootness of the motions to dismiss and will rule on them without a hearing.

are hereby permitted to amend their complaint, Defendants' motions to dismiss (Docs. Nos. 23, 28) are DENIED AS MOOT. The Clerk's office is directed to terminate the hearing scheduled for June 9, 2008, at 9:00 a.m. because it is no longer necessary in light of this Order.

IT IS SO ORDERED.

Signed: June 4, 2008

Frank D. Whitney
United States District Judge