# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cv-00109-W

| | |
|---|---|
| DR. JOHN POWDERLY II AND CAROLINA BIOONCOLOGY INSTITUTE, PLLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) **ORDER** |
| BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA; et. al., | ) ) ) ) |
| Defendants. | ) ) |

THIS MATTER comes now before the Court upon Defendant Blue Cross Blue Shield of North Carolina's ("BCBSNC") motion to reconsider this Court's prior decision, delivered on the record in open court following oral argument on 21 August 2008, to deny BCBSNC's motion to dismiss Plaintiffs' claim under Section 2 of the Sherman Act pursuant to Fed. R. Civ. P. 12(b)(6). BCBSNC contends that reconsideration is warranted because the allegations necessary to plead a monopsony claim are "completely absent" from Plaintiffs' Second Amended Complaint, and because it is "indisputably clear" that BCBSNC lacks the necessary market power as a purchaser of health care services for Plaintiffs to plead a viable monopsony claim. Moreover, BCBSNC moves for expedited consideration of its motion, arguing that allowing discovery to proceed on this claim will "subject[] BCBSNC to manifest injustice, in addition to being an inefficient use of this Court's resources."

At this preliminary stage of litigation, we begin from the fundamental premise that the allegations contained in Plaintiffs' complaint are liberally construed, the facts asserted therein are assumed to be true, and Plaintiffs are given the benefit of all reasonable inferences. Republican

Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A Rule 12(b)(6) motion emphatically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. In the case at bar, as the Court has already ruled, Plaintiffs' Second Amended Complaint *does* sufficiently plead a monopsony claim, and issues concerning BCBSNC's market power are questions of fact open to dispute more properly resolved at summary judgment or trial.

First, the Second Amended Complaint alleges that BCBSNC "is by far the largest health insurance company in North Carolina," 2d Am. Compl. ¶ 29, that it provides coverage for "60% of the total number [of HMO and PPO members] in the State," id., and that it "exercises monopoly [*sic*] power over the market for the provision of specialty medical services" and "uses this market power to foreclose and eliminate competition," id. ¶ 96. While the complaint does use the word "monopoly" in describing the alleged Sherman Act violation, to dismiss this claim when Plaintiffs so evidently intended to bring a "monopsony" power claim would be to superficially elevate form over substance. Furthermore, it is beyond serious dispute that a *provider* of *health insurance* services is also a *buyer* of *health care* services capable of exercising monopsony power over the market for doctors' services. Cf. Kartell v. Blue Shield of Mass., 749 F.2d 922, 924-25 (1st Cir. 1984) (Breyer, J.) ("Several circuits have held in antitrust cases that insurer activity . . . amounts to purchasing, albeit for the account of others;" holding that Blue Shield is "itself the purchaser of the doctors' services."). Thus, Plaintiffs' allegations of BCBSNC's market power as a provider of health insurance services does not preclude (and indeed implies) the possibility that BCBSNC exercises monopsony power over the supply of oncology services in Mecklenburg County, a plausible relevant market in which Plaintiffs are participants.

Second, as the court explicitly stated in its prior ruling, evidence that a private insurer possesses a sixty percent share of the health insurance market has been held to be sufficient to

sustain a jury finding of monopoly power, see Reazin v. Blue Cross Blue Shield of Kansas, Inc., 663 F. Supp. 1360, 1416 (D. Kan. 1987), and therefore clearly constitutes a sufficient allegation of market power to survive a motion to dismiss. Furthermore, while it is true that the allegation of BCBSNC's sixty percent share of the HMO/PPO market neglects to account for the substantial share held by Medicare and Medicaid in the overall industry of health care financing, it is by no means self-evident that Medicare and Medicaid ought to be considered part of the relevant market, since they are designed to serve demographically distinct populations. In order to not get the cart ahead of the horse, these are questions that need to be asked and answered after Plaintiffs have had the benefit of fact discovery. See Twin City Sportservice v. Charles O. Finley & Co., 676 F.2d 1291, 1299 (9th Cir. 1982) ("The definition of the relevant market is basically a fact question dependent upon the special characteristics of the industry involved.").

The Court is sensitive to the need to prevent injustice to the parties as well as to steward its limited judicial resources. Accordingly, BCBSNC's request for expedited consideration is granted, and the motion for reconsideration shall be summarily denied without requiring a response in opposition from Plaintiffs.

NOW, THEREFORE, IT IS ORDERED that BCBSNC's motion for reconsideration (Doc. No. 32) is DENIED.

Signed: September 4, 2008

Frank D. Whitney
United States District Judge