# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cr-00109-W

| | |
|---|---|
| DR. JOHN POWDERLY II AND CAROLINA BIOONCOLOGY INSTITUTE, PLLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA; et. al., <br><br> Defendants. | **ORDER** <br> **and** <br> **NOTICE OF HEARING** |

THIS MATTER is before the Court on Plaintiff's "Motion to Strike Defendant's Motion to Strike the New Ferner Expert Reports and to Bar Him from Testifying at Trial, and Alternatively, Plaintiff's Motion for an Extension of Time to Respond to Defendant's Untimely Motion to Strike" (Doc. No. 176), as well as Defendant's Motion for Relief from the August 3, 2009, Scheduling Order (Doc. No. 178), to which Plaintiff filed a response (Doc. No. 179). In light of the relief sought in these motions (resolution of one would essentially rule on the other), the Court will consider them contemporaneously.

On August 3, 2009, the Court issued an order striking portions of the expert opinion tendered by Plaintiff, but allowing Plaintiff an opportunity to prepare and serve a new expert report to cure the defects in its original report. (Doc. No. 172). In that order, the Court also set forth Friday, October 23, 2009, as the deadline for filing any motions concerning the new expert report. Defendant did not file its Motion to Strike ("underlying motion") the new expert report until October 28, 2009, five days past the deadline.

Plaintiff seeks to strike Defendant's underlying motion in its entirety because it was untimely filed. Doing so would essentially overrule all of Defendant's objections concerning the expert testimony to be offered by Plaintiff at trial. Should the Court decline to strike the underlying motion, in the alternative, Plaintiff requests fourteen days from the date of the Court's ruling to respond to Defendant's underlying motion. Conceding the untimeliness of the underlying motion, Defendant submits that its failure to file the underlying motion in accordance with the Court's deadlines was an honest and inadvertent mistake. While the Court requires the parties to strictly adhere to its imposed deadlines, in some instances, excusable neglect may occur. See Fed. R. Civ. P. 6(b)(1)(b). The Court finds that such is the case, here, where Defendant made an honest, good faith mistake and nothing shows otherwise. Notably, Defendant's error does not impact the case on any jurisdictional level, such as an untimely motion for a new trial or notice of appeal, nor is the error of such significance to warrant continuation of trial in this matter. Finally, because any prejudice to Plaintiff can be cured by an extension of the response deadline, without disruption of any other deadlines, the Court finds that striking Defendant's underlying motion entirely would be an extreme remedy that is unnecessary under these facts.

IT IS THEREFORE ORDERED that Defendant's Motion for Relief (Doc. No. 178) is GRANTED and Plaintiff's Motion to Strike (Doc. No. 176) is GRANTED IN PART and DENIED IN PART. Plaintiff shall have until **November 16, 2009**, to file its response to Defendant's Motion to Strike (Doc. No. 174), which is more than fourteen days from the date of this Order.

TAKE NOTICE that a hearing on Defendant's Motion to Strike (Doc. No. 174) shall take place on **Wednesday, November 18, at 9:00 a.m.** in Courtroom #1 of the Charles R. Jonas Building before the undersigned judge.

Signed: October 29, 2009

Frank D. Whitney
United States District Judge