IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cr-00109-W

| | |
|---|---|
| DR. JOHN POWDERLY II AND CAROLINA BIOONCOLOGY INSTITUTE, PLLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA; et. al., <br><br> Defendants. | CONSENT JUDGMENT |

The parties consent to the following:

1. Plaintiffs consent to judgment in favor of Defendant on the remaining two claims: tortious interference with existing contract and tortious interference with prospective business relationships.

2. Final judgment will be entered on all claims in favor of Defendant.

3. Defendant withdraws its motion for costs and fees and will not seek costs or fees as the prevailing party.

4. Plaintiffs agree not to appeal the final judgment.

5. Plaintiffs agree not to disparage Defendant and agree that any press release or public comment regarding Defendant or this lawsuit shall be approved in advance by Defendant. Plaintiffs agree that any violation of this provision will result in injury to Defendant, the damages relative to which would be difficult to ascertain, thus warranting payment by Plaintiffs of liquidated damages of $100,000, plus attorneys' fees for enforcement, and appropriate injunctive relief.

6. Plaintiffs release all claims against Defendant known or unknown that could have been brought against Defendant at any time up until the time of judgment.

7. Plaintiffs agree to the following restrictions:
   (a) There shall be a one year ban from the date of this Judgment on Plaintiffs' participation in any Blue Cross Blue Shield of North Carolina provider network other than the PARTNERS provider network.

(b) After one year from the date of this Judgment, Plaintiffs may, if they choose, sell to or become employed by Novant and may do so provided that: (1) Plaintiffs have discontinued all Phase 1 clinical trials and related practice; (2) Plaintiffs agree that they shall have no involvement or participation of any sort in Phase 1 clinical trials; (3) Plaintiffs agree not to receive any direct or indirect compensation from Novant or any clinical trial sponsors relative to Phase 1 clinical trials; and (4) Plaintiffs will not advertise or promote Phase 1 clinical trials in any fashion. The restrictions of paragraph 7(b) apply for so long as Defendant does not provide coverage for Phase 1 clinical trials.

(c) In any circumstances other than a sale to or employment by Novant, for a period of three years from the date of this Judgment, Plaintiffs shall not apply for in-network provider status with Defendant either individually or in connection with any group. Thereafter, should Plaintiffs apply for in-network provider status, Defendant shall have no obligation to admit either of them unless required by North Carolina law.

(d) Plaintiffs agree that any violation of paragraph 7 will result in injury to Defendant, the damages relative to which would be difficult to ascertain, thus warranting payment by Plaintiffs of liquidated damages of $100,000, plus attorneys' fees for enforcement, and appropriate injunctive relief.

8. This Consent Judgment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns, as well as all corporate affiliates, subsidiaries and related entities.

9. This Consent Judgment will be approved on the record, a signed order will be entered, and this Court shall retain jurisdiction over the settlement provisions and enforcement thereof.

_____
Dr. John Powderly, II
*For Plaintiffs*

_____
Michael F. Ruggio
*Counsel for Plaintiffs*

_____
Sherry R. Dawson, Sr. Counsel BCBSNC
*For Defendant*

_____
James Michael Burns
*Counsel for Defendant*

IT IS SO ORDERED, this the 3rd day of December, 2009.

_____
The Honorable Frank D. Whitney
United States District Court Judge